IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| WILL CATOE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) CASE NO. |
| | ) |
| CITY OF SHEFFIELD, ALABAMA, | ) |
| RICKY TERRY, | ) |
| SCOTT WALLACE, | ) |
| FRED GRAYBRYAN, and, | ) |
| RAY TERRY, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff complains of defendants, stating as follows:

### Parties

1.  Will Catoe is of legal age and a U.S. citizen. He resides in Jefferson County, Alabama.

2.  The City of Sheffield is an Alabama municipality.

3.  Defendant Ricky Terry was employed by the City of Sheffield as the police chief at all times relevant to the allegations in this complaint and is a resident and citizen of the state of Alabama.

4.  Defendant Scott Wallace was employed by the City of Sheffield as police captain (and the effective assistant police chief) at all times relevant to the allegations

in this complaint and is a resident and citizen of the state of Alabama.

5.      Fred Graybryan was employed by the City of Sheffield as the jail administrator at all times relevant to the allegations in this complaint and is a resident and citizen of the state of Alabama.

6.      Defendant Ray Terry was employed by the City of Sheffield as a police lieutenant at all times relevant to the allegations in this complaint and is a resident and citizen of the state of Alabama. He also served as a county mental health officer.

7.      All individual defendants are sued in their individual capacities only.

## Facts

8.      On or about March 8-9, 2022, plaintiff, Will Catoe, was in an extreme physical and mental health crisis.

9.      Catoe is an alcoholic.

10.     Catoe was abusing alcohol and drugs.

11.     On March 8, 2022, Catoe was admitted to Helen Keller Hospital in Sheffield, Alabama.

12.     Catoe disclosed his alcohol and drug history to medical personnel and informed them he believed he was experiencing rhabdomylosysis, a life-threatening condition.

13.     Catoe also disclosed a history of rhabdomylosysis.

14. Catoe was diagnosed with rhabdomylosysis.

15. Catoe was treated with IV fluids.

16. Catoe was informed he needed in-patient treatment for his drug and alcohol issues.

17. On March 9, 2022, Catoe chose to leave the hospital against medical advice.

18. When Catoe left the hospital, he was still suffering from rhabdomylosysis.

19. Catoe was also paranoid.

20. Hospital personnel called police because they were concerned that Catoe was a danger to himself.

21. Sheffield police officers responded.

22. Catoe was arrested and placed in the Sheffield City Jail.

23. During the arrest, Catoe was tased.

24. While Catoe was incarcerated, officers kept Catoe cuffed behind his back.

25. Catoe was obviously extremely ill.

26. Catoe was disconnected from reality.

27. Catoe was combative.

28. Catoe fought with officers.

29. Catoe fought to get out of the cuffs.

30. As a result of being handcuffed behind his back and due to his combativeness, Catoe suffered multiple lacerations and abrasions to his wrists and arms, feet, legs, and other parts of his body.

31. The most serious injuries were deep lacerations to Catoe's right hand and wrist, which occurred on March 9, 2022, while Catoe was being placed in his jail cell or shortly thereafter.

32. The lacerations were open wounds that obviously required medical attention to prevent infection.

33. On March 9, 2022, the wounds were observed by numerous Sheffield officers working in or passing through the jail, including defendant Graybryan.

34. On March 9, 2022, defendant Graybryan recognized that Catoe, due to his deteriorated mental state and the injuries to Catoe's right hand and wrist, was in need of medical treatment in a hospital.

35. Defendant Graybryan recognized it was not safe to keep any person cuffed behind their back for an extended period of time, let alone a person who was fighting against the cuffs and who had already been injured by them.

36. Defendant Graybryan and other Sheffield officers were aware that Catoe was a danger to himself and that the jail could not safely manage an inmate with his needs.

37. Between March 9 and March 11, 2022, Catoe deteriorated.

38. Catoe continued to be out of touch with reality.

39. Catoe remained combative.

40. Catoe did not eat.

41. Catoe did not drink.

42. Catoe's lips were dry and cracked.

43. Catoe became weak and sick.

44. Catoe's wounds started showing signs of infection, including discoloration and swelling.

45. Beginning on or about March 9, 2022, and continuing until Catoe was taken to the hospital on March 13, 2022, defendant Graybryan regularly (daily or more often) communicated with defendant Ray Terry, a county mental health officer, and police administration, including defendants Ricky Terry and Scott Wallace, regarding Catoe's condition and need to be taken to the hospital for his mental state and physical injuries.

46. By March 11, 2022, at the latest, defendants Graybryan, Ricky Terry, Scott Wallace, and Ray Terry recognized that Catoe needed immediate treatment in a hospital as a result of his mental state, the obviously-infected wounds on his right hand and wrist, and his sick and weakened state.

47. Rather than send Catoe to the hospital via ambulance, defendants did

nothing.

48. Defendants, in order to avoid City liability for Catoe's medical bills, refused to send Catoe to the hospital.

49. On March 12, 2022, defendant Ray Terry, with the knowledge and approval of defendants Graybryan, Ricky Terry, and Wallace, obtained a medical bond so Catoe could be taken to the hospital without the City having any liability for any medical bills.

50. The use of medical bonds to avoid liability for medical bills is a routine practice in the City.

51. Even after Ray Terry obtained the medical bond, defendants allowed Catoe to further deteriorate for another ~24 hours until Catoe was non-responsive.

52. In the early afternoon on March 13, 2022, a Sheffield officer took Catoe to the hospital via patrol car.

53. Catoe spent two weeks in Helen Keller Hospital, including a week in the ICU, and was treated for multiple conditions, including rhabdomyolysis, renal failure, sepsis, and cellulitis (a deep infection of the skin) of all four of his extremities, though most significantly his right hand and wrist.

54. After being discharged from Helen Keller, Catoe received further treatment at Grandview Hospital in Birmingham due to sepsis, an abscess on his right wrist, continued kidney issues, and staff infections.

55. Catoe required surgery and a lengthy period of rehabilitation to address the abscess.

56. Under the City's operating procedures manual, defendant Graybryan, under the supervision of Ricky Terry, is responsible for "all jail operations and functions," including "[t]he necessary medical and health care" of inmates.

57. Graybryan and Terry are final policymakers for the City regarding medical care for City inmates.

## Count I - 42 U.S.C. § 1983 - 
## Deliberate Indifference to Serious Medical Needs

58. As described above, between March 9 and 13, 2022, the individual defendants, acting under color of law within the meaning of 42 U.S.C. § 1983 and defendants Graybryan and Ricky Terry as a final policymakers for the City, were deliberately indifferent to plaintiff's serious medical needs.

59. The individual defendants acted with malice or reckless indifference to plaintiff's constitutional rights.

60. Because Terry acted as a final policymaker for the City, the City is liable.

61. Moreover, the City has a policy and custom of refusing to provide necessary medical treatment for inmates, instead, to avoid liability for medical bills, allowing conditions to deteriorate and then releasing inmates on medical bonds.

62. As a result of the conduct of the individual defendants and the City,

plaintiff has been caused to suffer emotional injuries and damages and has been caused to incur medical expenses.

### Other Matters

63. All conditions precedent to the bringing of this suit have occurred.

### Relief Sought

64. As relief, plaintiff seeks the following:

   a. That plaintiff be awarded such compensatory damages as a jury shall determine from the evidence plaintiff is entitled to recover;

   b. That plaintiff be awarded against the individual defendant only such punitive damages as a jury shall determine from the evidence plaintiff is entitled to recover;

   a. That plaintiff be awarded prejudgment and postjudgment interest at the highest rates allowed by law;

   b. That plaintiff be awarded the costs of this action, plaintiff's reasonable attorney's fees, and plaintiff's reasonable expert witness fees;

   e. That plaintiff be awarded such other and further relief to which plaintiff is justly entitled.

**Dated: November 3, 2023.**

        Respectfully submitted,

        /s Henry F. (Hank) Sherrod III
        Henry F. (Hank) Sherrod III
        No. ASB-1200-D63H
        HENRY F. SHERROD III, P.C.
        119 South Court Street
        Florence, Alabama 35630
        Phone: 256-764-4141
        Fax: 877-684-0802
        Email: hank@alcivilrights.com

        Attorney for Plaintiff

## Jury Demand

Plaintiff requests a trial by jury.

        s/ Henry F. (Hank) Sherrod III